IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                               Criminal Action No. 5:25-CR-00104

**SANJAY MEHTA, D.O.**

### PROPOSED FINDINGS AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

Pursuant to the Standing Conditional Referral Order entered on February 14, 2024, this matter has been referred to the undersigned United States Magistrate Judge for purposes of considering the record, the Information, and the proposed plea agreement in this matter, and conducting a hearing and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. At a hearing held on July 10, 2025, the Defendant appeared in person and by counsel, Timothy C. Carrico, Esq., and the United States appeared by Jennifer Rada Herrald, Assistant United States Attorney, for an initial appearance, arraignment, and a plea hearing to an Information charging the Defendant with violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2. Paradise Nelson, Probation Officer, appeared on behalf of the United States Probation Department.

The undersigned determined that the Defendant was prepared to enter a plea of "Guilty" to the Information, that being three counts of aiding and abetting the knowing and intentional acquiring and obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception and subterfuge.

The undersigned addressed the Defendant personally and through counsel to determine the competency of the Defendant to proceed, and the undersigned found the Defendant competent.

1

The undersigned then proceeded by inquiring of the Defendant's counsel as to the Defendant's understanding of the right to have an Article III Judge hear the plea and the Defendant's willingness to waive that right, and instead have a Magistrate Judge hear the plea. Thereupon, the undersigned inquired of the Defendant concerning the Defendant's understanding of the right to have an Article III Judge hear the entry of the guilty plea and the Defendant's understanding of the difference between an Article III Judge and a Magistrate Judge. The Defendant thereafter stated in open Court that the Defendant voluntarily waived the right to have an Article III Judge hear the plea and voluntarily consented to the undersigned Magistrate Judge hearing the plea. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by the Defendant only after having had the rights fully explained to the Defendant and having a full understanding of those rights through consultation with counsel, as well as through questioning by the Court. The Court then **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned inquired of the Defendant and the Defendant's counsel as to the Defendant's knowledge and understanding of the Defendant's constitutional right to proceed by indictment, the voluntariness of the Defendant's consent to proceed by Information and of the Defendant's waiver of the right to proceed by indictment. The Defendant and Defense counsel verbally acknowledged their understanding and the Defendant, under oath, acknowledged the Defendant's voluntary waiver of this right to proceed by indictment and the Defendant's agreement to voluntarily proceed by Information. The Defendant also executed a written waiver of the same. The Court then **ORDERED** the written Waiver of Indictment filed and made a part of the record.

The Assistant United States Attorney offered for the Court's consideration and summarized the entirety of a written plea agreement signed by both the Defendant and the Defendant's counsel,

which signatures the Defendant and counsel acknowledged in Court. The Court then **ORDERED** the written Plea Agreement filed and made a part of the record.

The undersigned inquired of the Defendant, the Defendant's counsel and counsel for the United States as to the advantages which accrue to the Defendant and the United States by virtue of a plea of guilty as opposed to a trial on the merits. The undersigned then reviewed with the Defendant the statutory penalties applicable to an individual adjudicated guilty of the charges contained in the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined the Defendant understood the nature of the charges pending against the Defendant and that the possible statutory maximum penalty which could be imposed upon the Defendant's conviction or adjudication of guilty to the Information was a combined total penalty of **imprisonment for a period of twelve (12) years, a fine of $750,000.00, and a term of supervised release of three (3) years.** The Defendant also understood that the Court would impose a total special mandatory assessment of three hundred dollars ($300.00).

The Court informed the Defendant of the maximum penalties to which the Defendant will be exposed by virtue of the plea of guilty and the Defendant acknowledged the Defendant's understanding of the same. The Defendant stated that the Defendant understood that the matter of sentencing remains entirely within the discretion of the District Court and that the Defendant would be bound by the plea and would have no right to withdraw that plea if the sentence imposed was more severe than the Defendant expected.

The undersigned also reviewed with the Defendant the waiver of appellate and collateral attack rights. The Defendant further understood that under the plea agreement, the Defendant was waiving the right to challenge the conviction and sentence in any post-conviction proceeding,

including any proceeding under 28 U.S.C. § 2255. The Defendant understood, however, that the Defendant was reserving the right to raise claims of ineffective assistance of counsel. From the foregoing, the undersigned determined that the Defendant understood the appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written Plea Agreement.

After considering comments by counsel, the undersigned found the Defendant's decision to enter a guilty plea to be fair to the interests of both the Defendant and the United States for the reasons stated in Court. The undersigned then conditionally approved the guilty plea in the interest of the administration of justice.

The undersigned next inquired as to the Defendant's plea to the Information and the Defendant responded that the Defendant intended to plead guilty. The undersigned explained the statutes under which this action is prosecuted and the elements which the United States would have had to prove beyond a reasonable doubt had the matter been tried. The Assistant United States Attorney stated the factual basis establishing that the Defendant committed the offenses to which the Defendant was pleading guilty. The Defendant admitted that the factual basis as stated was substantially true. The United States and the Defendant further stipulated and agreed that the facts comprising the offenses of conviction included the facts outlined in the "Stipulation of Facts," a copy of which is attached as Exhibit B to the Plea Agreement.

The undersigned further informed the Defendant, per the requirements of Rule 11 of the Federal Rules of Criminal Procedure of the constitutional rights the Defendant waived by pleading guilty to the felony counts set forth in the Information. The undersigned then determined that the Defendant understood those rights. The undersigned Magistrate Judge further advised the Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected the Defendant's plea of guilty, the Defendant would be permitted to withdraw the plea

and proceed to trial. However, the Defendant was further advised if the District Judge accepted the plea of guilty, the Defendant would not be permitted to withdraw the guilty plea even if the District Judge ordered all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in the Plea Agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. The Defendant and the Defendant's counsel each acknowledged their understanding, and the Defendant maintained the desire to have the plea of guilty accepted.

The undersigned asked the Defendant whether any threats or promises had been made to the Defendant to induce the Defendant to plead, whether any predictions were made regarding the sentence the Defendant may receive, and whether the Defendant had any second thoughts about entering a plea of guilty. The Defendant responded in the negative to each question. The Defendant stated that, in tendering the plea, the Defendant was acting voluntarily and of the Defendant's own free will.

The Defendant's counsel stated that the Defendant was competent and able to assist counsel in the defense, that counsel was satisfied that counsel and the Defendant had been afforded sufficient time to discuss all relevant matters, and that there would likely be no meritorious legal defense available to the Defendant at trial that defense counsel has not previously raised. The Defendant's counsel further stated that counsel felt that Defendant's constitutional and other rights had been fully observed at the hearing and all matters leading up to it. The Defendant's counsel concurred in the Defendant's intention to plead guilty to the Information.

The Defendant, in response to questions from the Court, stated that the Defendant had been afforded sufficient time to consult with the Defendant's attorney, that the Defendant had been fully forthcoming with counsel, that counsel had answered all of the Defendant's questions, that the

Defendant was satisfied with the quality of counsel's services, and that the Defendant had no second thoughts about tendering a plea of guilty. The Defendant then executed a written plea of guilty, which counsel witnessed. The Court then **ORDERED** the written Guilty Plea filed and made a part of the record.

Based upon the Defendant's plea of guilty, as well as the factual admission of guilt, the undersigned found that there existed a factual and legal basis for the Defendant's plea of guilty. Based upon the United States' proffer of evidence against the Defendant, the Court found that there also existed an independent factual basis for the Defendant's plea of guilty. The undersigned further found that the Defendant tendered the plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which the Defendant gives up by pleading guilty, and with an awareness of what the United States would have to prove against the Defendant if the case went to trial. The undersigned found that the Defendant had an appreciation of the consequences of the plea. The undersigned then informed the Defendant that the undersigned would recommend to the District Judge conditional acceptance of the Defendant's plea of guilty.

The Defendant was further advised that even if the District Judge adopted the recommendation of the undersigned to accept the Defendant's plea of guilty, the District Judge will defer final acceptance of the plea and adjudication of guilt pending receipt of the Pre-Sentence Investigation Report pursuant to United States Sentencing Guidelines §§ 6B1.1(c).

The undersigned Magistrate Judge further inquired of the Defendant, the Defendant's counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that the Defendant understood, with respect to the plea agreement and to the Defendant's entry of a plea of guilty to the charges contained in the

Information. The undersigned Magistrate Judge informed the Defendant that the undersigned would make a written recommendation to the District Judge, and that a pre-sentence investigation report would be prepared for the District Court by the Probation Officer. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the charges contained in the Information. Only after the District Judge had an opportunity to review the pre-sentence investigation report would the District Judge make a determination as to whether to accept or reject any recommendation or stipulation contained within the Plea Agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The Defendant and the Defendant's counsel each acknowledged their understanding, and Defendant maintained the desire to have the guilty plea accepted.

During the hearing, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material either to guilt or punishment. Further, the Court noted that consequences for a <u>Brady</u> violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that the Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of and understood the right to have an Article III Judge hear and accept the plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing the plea; the Defendant understood the charges against the Defendant, as contained in the Information; the Defendant understood the consequences of the plea of guilty, in particular the maximum statutory

penalties to which the Defendant would be exposed for the charges in the Information; the Defendant made a knowing and voluntary plea of guilty to the Information; and the Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which the Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** the Defendant's plea of guilty to the Information herein be accepted conditioned upon the Court's receipt and review of this Proposed Findings and Recommendation.

The Court **ORDERS** that the following dates and case events culminating in the Judgment be scheduled as follows:

| Draft presentence report to the parties | 09/04/2025 |
| --- | --- |
| Parties' objections to the draft presentence report | 09/18/2025 |
| Final presentence report to the Court | 10/02/2025 |
| Sentencing memoranda (five-page limit) to Court | 10/09/2025 |

The Court scheduled the disposition of this matter for **October 31, 2025, at 11:30 a.m.** in Beckley, West Virginia, before the Honorable Chief United States District Court Judge Frank W. Volk.

The undersigned Magistrate Judge released the Defendant on bond pending sentencing in this matter.

## PROPOSAL AND RECOMMENDATION

For the reasons set forth above it is hereby respectfully **RECOMMENDED** that the District Judge confirm and accept the foregoing findings and recommendation and **CONDITIONALLY ACCEPT** the Defendant's plea of guilty to the three-Count Information.

The parties are hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Court Judge Frank W. Volk. Any party shall file with the Clerk of the Court specific written objections identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis for such objection **within seventeen days** (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation. A copy of such objections should also be submitted to the presiding United States District Judge. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk of the Court is **DIRECTED** to send a copy of this "Proposed Findings and Recommendation" to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this Court.

ENTER: July 10, 2025.



Omar J. Aboulhosn
United States Magistrate Judge